# Bain and Kern *versus* Funk.

1. Goods levied on by the sheriff were claimed by a third person. The sheriff moved for a rule to interplead, which was discharged and an order made that the sheriff proceed to sell the goods. *Held,* that this did not affect the title of the claimants to the goods nor prejudice their right of action against the sheriff for their seizure and sale.

2. The claimants had no right to demand an issue.

3. The Interpleader Act is not for the benefit of the claimant but for the relief of the sheriff.

4. The court is not bound to grant an issue on the application of the sheriff. Its award or refusal is for the sound discretion of the court, and is not the subject of a writ of error.

5. A writ of error brings up only the record, exhibiting no more than the rule and order discharging it, not the affidavits, &c., on which it was based.

6. When the court acts on extrinsic evidence the presumption is that everything was done rightly.

February 23d 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Philadelphia:* No. 284, to January Term 1869.

The proceedings in this case in the court below were commenced under the Sheriff's Interpleader Act, and arose as follows:—

George R. Corry obtained a judgment, August 22d 1866, against William Austin for $7000, on which a fi. fa. was issued, and Austin's goods sold to Corry, May 24th 1867. On the 25th of May

[Bain *v.* Funk.]

1867 Amos Funk obtained judgment against Austin for $849.17, on which a fi. fa. was issued, and the goods which had been sold to Corry seized as the property of Austin. Corry claimed the goods, and under the Interpleader Act gave bond; the sheriff withdrew from the possession of the goods, and an issue was formed between Corry and Funk to try the ownership of the goods.

A judgment was obtained, July 29th 1867, against Corry, on which a fi. fa. was issued, and the same goods sold to James Bain and James N. Kern, December 30th 1867. On the trial of the issue between Corry and Funk, a verdict and judgment were rendered for Funk; and the court ordered that the sheriff proceed to sell the goods which had been levied on under Funk's fi. fa. A vend. ex. was accordingly issued, and the sheriff took the goods from the possession of Bain and Kern. They gave notice to the sheriff that they claimed the goods. The sheriff moved the court for a rule to interplead, and depositions were taken and read on the hearing. On the 29th of June 1868, the court discharged the rule. Bain and Kern thereupon took a writ of error, assigning for error the discharge of their rule.

*A. Briggs,* for plaintiffs in error, cited Commonwealth *v.* Contner, 6 Harris 446.

*E. H. Hanson* and *Daniel Dougherty,* for defendant in error, cited Act of April 10th 1849, § 7, Pamph. L. 620, Purd. 409, pl. 3; Kalback *v.* Fisher, 1 Rawle 323; Righter *v.* Rittenhouse, 3 Id. 273; Hagan *v.* Lucas, 10 Peters 400; Campbell *v.* Spence, 4 Alabama R. 543; Johnson *v.* Minor, 1 T. & H. Pr., part 2, 903; McCabe *v.* Snyder, 3 Phila. R. 192.

The opinion of the court was delivered, May 25th 1869, by

WILLIAMS, J.—This writ of error was sued out by Bain and Kern, to reverse the order of the District Court, discharging the rule of interpleader taken by the sheriff in the case of Funk *v.* Austin. They gave the sheriff notice that they claimed the goods which he had levied on, and was about to sell as the property of Austin, upon the execution issued against him on the judgment in favor of Funk; and thereupon the sheriff obtained a rule on the claimants and the plaintiff in the execution to show cause why they should not maintain or relinquish their respective claims to the property; on the hearing, the District Court discharged the rule, and the plaintiffs in error complain of this, and insist that the court erred in refusing to direct an issue to be framed between the parties.

We do not see that the claimants of the goods levied on have any cause to complain of the discharge of the rule taken by the sheriff. It did them no possible harm. It did not affect their title

[Bain v. Funk.]

to the property, nor prejudice their right of action for its seizure and sale by the sheriff. In discharging the rule the court did not enjoin them from proceeding against the sheriff, to recover the value of the goods, nor impose any term or conditions on them whatever. It left them in the same situation in which they were before the rule was taken. They had no right to demand an issue. The Interpleader Act was not passed for their benefit; but as the preamble shows, it was passed for the relief of the sheriff, and was intended to exempt him from the hazard and expense of actions that might otherwise be brought against him by persons claiming the goods upon which he had levied, who were not the parties against whom the process issued. If any one has a right to complain of the order of the court it is the sheriff, who was left, by the discharge of the rule, exposed to the very hazard from which it' was the purpose of the act to relieve him. But the sheriff would not be entitled to a writ of error for the reversal of the order. There is nothing in the act which makes it imperative on the court to grant an issue when applied for by the sheriff. Its award or refusal is not a matter of right, but of sound discretion under all the circumstances of the case. The Interpleader Act makes no provision for a writ of error, whether the court grants or refuses an issue. But the Act of the 10th of April 1849, § 7, Pamph. L. 620, provides, that upon the trial of any issue directed by any court, under the Interpleader Act, it shall and may be lawful for either and all of the parties to said issue to except to any decisions of the court, upon any point of evidence or of law; which exception shall be noted by the court, and filed of record therein, and a writ of error may be taken therein by either or all of said parties, with the usual force and effect. It follows necessarily from this provision that a writ of error will not lie to an order of the court refusing to direct an issue.

But there is another reason equally decisive, for holding that a writ of error will not lie in this case. It only brings up the record, it does not bring up the affidavits, and we cannot look into them. The facts on which the action of the court was based, whether proved or admitted, are no part of the record. All that the record exhibits is the rule and the order of the court discharging it. As there is no bill of exceptions to evidence on a motion for summary relief, the refusal of the court to award an issue, to try the claimant's title to the goods taken in execution by the sheriff, cannot be reviewed in this court: Miller v. Spreeher, 2 Yeates 162; Shortz v. Quigley, 1 Binn. 224; Renninger v. Thompson, 6 S. & R. 1; Brown v. Ridgway, 10 Barr 42; Lindsley v. Malone, 11 Harris 28; Neil v. Tate, 3 Casey 208. When the court acts on extrinsic evidence, the presumption is, that everything was done rightly and according to law.

Writ of error quashed.