Charles White and Thomas R. White, trading as Charles White & Brother, *v.* Jacob Rech, William A. Rech, and J. Edwin Rech, partners under the firm name of Jacob Rech & Sons, Appellants.

*Appeals—Sheriff—Interpleader—Practice, S. C.*

No appeal lies from an order of the court of common pleas granting a sheriff's interpleader rule and subsequently awarding an issue.

An appeal from a judgment on a verdict in interpleader proceedings does not bring up the affidavits, or admission, if any, upon which the court below acted in granting the rule and awarding the issue.

*Partnership—Promissory notes—Execution—Partnership debts.*

Where a creditor of a partnership accepts the note of one of the partners for the firm debt, with full knowledge of the existence of the partnership, he cannot after recovering judgment on the note against the partner who gave it, levy on the partnership goods in satisfaction of the judgment.

If the creditor first acquires knowledge of the existence of the partnership after accepting the note, and before suit, he should so bring his action and frame his statement of claim as to promptly present the facts and show that it was his purpose to proceed against the firm as for a partnership debt. Ross v. Howell, 84 Pa. 129, and Callender v. Robinson, 96 Pa. 454, distinguished.

Argued April 4, 1895.    Appeal, No. 294, Jan. T., 1895, by defendants, from judgment of C. P. No. 2, Phila. Co., June T., 1891, No. 793, on verdict for plaintiffs.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Feigned issue to determine the ownership of property taken in execution.    Before PENNYPACKER, J.

The material facts appear by the opinion of the Supreme Court.

A claim for the property levied on was made by Charles White and Thomas R. White, trading as Charles White & Brother, and the ordinary sheriff's rule for interpleader was taken.    This rule was resisted by the counsel for the execution creditors upon the ground that the debt for which the judgment was obtained was contracted for the business carried on in the premises referred to, and whether it was conducted in the name of Charles White or Charles White & Brother made no difference and was an immaterial issue.    It appeared that Jacob Rech & Sons were carriage builders, and that the notes were given for work actually done for the business there carried on—the livery business —in building, repairing, and repainting carriages used in the business.    The court, however, made the rule absolute [1], and this feigned issue was awarded. [2]

The court charged in part as follows:

[White & Brother are the plaintiffs in this issue, and they are before you alleging that the goods which were then seized belonged to them.    That is the sole and only question which you are called upon to determine.    If you should have any temptation to try to do justice in your own way in this case

you will resist that temptation. That is better left to the law. Juries are sometimes misled by endeavoring to do what they think is right. That effort is very apt to lead to confusion and generally results in wrong being done somewhere; so you will remember that what you are called upon to say here is as to whether or not these goods belonged to the firm of White & Brother, and that is the sole question.] [3]

[You will now take the case and remember that all you have to say is whether or not these goods belonged to the firm of White & Brother at the time of the execution. If you find that they did so belong, then it is your duty to find a verdict for the plaintiffs. If you find that they did not belong to White & Brother, then you will find a verdict for the defendants, leaving the consequence of your verdict to be determined hereafter.] [4]

Defendants' point was as follows:

The uncontradicted and undisputed evidence in this case being that the notes upon which judgment was entered and execution issued having been given for the business carried on by these brothers, who are the claimants, the verdict should be for the defendants. *Answer:* I decline that point, and further say to you that this is not the question before you. [5]

*Errors assigned* were (1) making absolute a rule for interpleader; (2) awarding issue; (3–5) above instructions, quoting them.

*Edward H. Weil*, for appellants.—When claims are made by parties against whom process has issued, in the very words of the statute, the act cannot apply. It is clear that the act was never intended to give relief where a party defendant carried on business and gave obligations in his own name for such business, even if he had a partner, dormant or otherwise.

For a partnership debt the entire property is liable to execution on a judgment against one of the partners: Taylor v. Henderson, 17 Serg. & Rawle, 453; McCleery v. Thompson, 130 Pa. 443; Harper v. Fox, 7 Watts & Serg. 142; Grier v. Hood, 25 Pa. 430; Carey v. Bright, 58 Pa. 70; Ross v. Howell, 84 Pa. 129; Callender v. Robinson, 96 Pa. 459.

*Charles J. Sharkey*, *F. P. Buckley* with him, for appellees. —If the partnership is admitted it is the sheriff's duty to sell the share of the partner, but the court will interfere for the sheriff's protection, if the creditor disputes the partnership : Holmes v. Mentze, 4 Adol. & Ellis, 128.

The interpleader act makes no provision for a writ of error : Bain v. Funk, 61 Pa. 187 ; Zacharias v. Totton, 90 Pa. 289.

The appellants ought not to complain of any error in the trial, as they were permitted, under objection, to introduce evidence tending to show what the judgment was for, and yet the jury found against them : Phillips v. Reagan, 75 Pa. 383.

The appellants are not without relief. They can sell the interest of Charles White in the firm of Charles White & Bro., under an ordinary fi. fa. : Denger's App., 125 Pa. 12 ; act of April 8, 1873, P. L. 65 ; Hare v. Com., 92 Pa. 141.

The appellants admit that they knew of the existence of the partnership before they accepted the individual notes of one of its members, and even if they were for a firm debt they must look to the individual alone for payment : Story on Partnership, sec. 134.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895 :

A brief outline of the salient facts of this case will not only conduce to a clearer understanding of the controlling questions involved, but may perhaps also suggest the proper solution thereof.

In August, 1891, Jacob Rech & Sons, defendants in this issue, brought suit against Charles White, one of the plaintiffs, on three promissory notes made by him individually and payable at thirty, sixty and ninety days from May 12, 1891, and on September 21, following, recovered a judgment against him for want of an affidavit of defense. It is not claimed that there is anything in the record of that judgment to indicate that it is based on aught save the individual indebtedness of Charles White. On that judgment an execution was forthwith issued and levied on the stock and fixtures of a livery stable consisting of horses, carriages, harness, etc., on the premises Nos. 2511 and 2513 East Thompson street, Philadelphia. The property thus levied on,—excepting some articles claimed by other parties,—was claimed by the plaintiffs, Charles White and Thomas

White, partners, trading as Charles White & Brother, as the property of that firm and not the individual property of Charles White, the defendant in the execution. Notice of their claim having been given to the sheriff, he thereupon obtained a rule on the execution plaintiffs and on the claimants of the property, and the matter was so proceeded in that the feigned issue under the sheriff's interpleader act was awarded.

The sole question in the issue was, whether the goods levied on as the individual property of Charles White and claimed as aforesaid by the firm Charles White & Brother were in fact the property of said firm when they were thus taken in execution. As was properly held by the learned trial judge, the burden of maintaining the issue and proving that the goods were the property of said firm was on the claimants. They accordingly introduced testimony tending to prove that fact. On the other hand, rebutting testimony, tending to show that the goods were the separate property of Charles White, etc., was introduced by the defendants; and on all this testimony the case was fairly submitted to the jury in a clear, concise and substantially correct charge, of which we think neither party has any just reason to complain. A verdict in favor of the claimants was rendered, and thus the fact was established that when the goods were levied on they were the property of the firm. Refusal to grant a new trial and judgment on the verdict necessarily imply approval of the latter by the court below.

There is no complaint as to the admission or rejection of evidence. The first two specifications relate to the orders granting the interpleader rule and subsequently awarding the issue now before us. These may be considered together and dismissed, with the remark that no provision appears to have been made for reviewing such rules and orders on a writ of error, now inappropriately called an appeal. The legislature wisely invested the courts of common pleas with power to grant rules and make orders in such cases, but the interpleader act makes no provision for a writ of error to any action of the court prior to the trial of the issue : Bain v. Funk, 61 Pa. 185 ; Zacharias v. Totton, 90 Pa. 286. In the former it is said : " There is nothing in the act which makes it imperative on the court to grant an issue. . . . Its award or refusal is not a matter of right, but of sound discretion under all the circumstances of the case."

This appeal therefore brings before us nothing but the record proper of the feigned issue trial. It does not bring up the affidavits, or admissions, if any, upon which the court acted in granting the rule and awarding the issue. They are not before us because they are no part of the record of that trial. If they were here, we would have no right to consider them in passing upon the questions properly before us. The errors alleged to have been committed after the issue was awarded and on the trial thereof are all that can be considered in this case.

In view of the sharply defined question presented by the feigned issue, viz: Whether the goods in question, when seized in execution, were the property of the firm plaintiffs or not, there was no error in charging the jury as complained of in the third and fourth specifications, nor in refusing to affirm defendants' point for charge recited in the fifth specification of error. Assuming the facts of which that point is predicated to be true, viz: that the notes upon which the judgment was entered were given for debts contracted for the copartnership, it by no means followed that the verdict, under the evidence, should have been for the defendants. The existence of a firm, Charles White & Brother, was not concealed. The testimony tends to show that the defendants were not ignorant of its existence. The firm name was displayed on their place of business, and defendants received at least one letter signed in their firm name. If they knew or ought to have known that the two brothers were in partnership why did they accept the individual notes of one of the partners? In the absence of proof to the contrary, the fact of their having accepted the individual note of Charles White warrants the conclusion that they were content to look to him alone for the payment of their claim. The testimony, if believed, shows they knew or ought to have known the existence of the firm before settling with Charles White and taking his individual notes. It is well settled that if money be borrowed or goods bought or other contract be made by one partner on his exclusive credit, he alone is liable therefor. The reason given is that it is entirely competent for one partner to thus deal with third persons on his sole and exclusive credit. On the other hand, it is equally competent for them to rely on such exclusive credit and either refuse to contract with the firm, or to exonerate them from all liability upon any contract

which would otherwise bind them as being for their account or benefit: Story on Part. secs. 134, 142. The basis of this rule is that the creditor has had his election or choice of his debtor and must abide by it.

If the defendants first acquired knowledge of the existence of the partnership after accepting the notes and before suit, they should have so brought their action and framed their statement of claim as to properly present the facts and show that it was their purpose to proceed against the firm as for a partnership debt. That would have afforded each of the alleged partners an opportunity of interposing any defense they may have had. In each of the authorities relied on by the defendants,—except one or two which rest upon their own peculiar facts,—it will be found that while the judgment was against one only of two or more partners, the record discloses the fact that it was for a partnership and not an individual indebtedness. In other words, the defendant who confessed the judgment or against whom it was obtained adversely was substantially, if not in due form, impleaded with the others as partners, etc. Thus in Ross v. Howell, 84 Pa. 129, the record shows a judgment confessed by one of the partners in the partnership name for a debt of the firm. It was held, in accordance with previous decisions, that the interest of all the partners in the partnership property may be sold under an execution upon a judgment confessed by a single partner in the firm name and for a firm debt.

Callender et al. v. Robinson, 96 Pa. 454, 459, as has been intimated, rests upon its own peculiar facts. It was the case of a secret contract of partnership. The jury found that Denny, one of the partners, was permitted to hold himself out as sole owner of the stock of goods; that at the time he obtained the money for which the judgment was recovered, etc., he represented that he wanted to put it into his business, which by the terms of the agreement was to be carried on in his own name alone. In disposing of the case in this court it was well said: " The plaintiffs having thus held him out to the world as the sole owner of the property in possession, and having permitted him to claim it as his own and obtain credit and contract debts by reason of his possession and claim thereto, why should not the property be liable for the debts thus contracted? To hold

otherwise would be to permit the secret contract of the plaintiffs to work a fraud on innocent and confiding creditors."

The case before us involves no such principle as this. If it does the facts were not elicited on the trial.

Having obtained a judgment against Charles White on his individual notes without anything in the record thereof to indicate that it was for a partnership debt, they had no right to levy on the partnership property of Charles White & Brother. They might have levied on and sold the interest of Charles White in that firm : Denger's App., 125 Pa. 12.

We find no error in the record on which the judgment can be reversed.

Judgment affirmed.