## F. G. Book et al. *v.* M. J. Day & Robert C. Sharpe. Appeal of the H. B. Claflin Company.

*Sheriff's interpleader—Appeal—Act of May* 26, 1897.

The tenth section of the Act of May 26, 1897, P. L. 95, which provides that " the courts of common pleas may make general rules governing the proceedings under this act . . . . and may grant new trials of such issues, and the judgment recovered shall be subject to appeal to the Supreme or Superior Court as in other cases," does not apply to the action of the court in discharging or making absolute a rule for an issue, but only to the trial of the issue. Until after the trial there can be no " judgment recovered " to which the appeal as given can apply ; nor is there any intent in this act to change the law in this respect from what it was before.

Inasmuch as the interpleader act of May 26, 1897, deprives a claimant of his right of action against the sheriff, he is a party aggrieved by the action of the court in discharging a rule for an issue, and as such has a standing to question it. If the court of common pleas, acting under the wrongful impression that the act of 1897 enlarged the duties of the court in regard to the granting or refusing of an issue, technically abuses its legal discretion by examining into the merits of the case upon the hearing of the rule, the claimant has a standing to have such abuse of discretion reviewed by an appellate court. Under the act of 1897, the court of common pleas may not inquire into the merits of the respective claims more than to see that they are not merely colorable, frivolous or collusive, but may be the bases of bona fide suits. If they may be, the interpleader must be granted, even though the court be of the opinion that the claims cannot finally prevail.

Argued Oct. 17, 1898. Appeal, No. 43, Oct. T., 1898, by the H. B. Claflin Company, from order of C. P. Lawrence Co., March T., 1898, No. 1, discharging rule for interpleader. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for sheriff's interpleader.

At the hearing of the rule before WALLACE, P. J., all parties interested appeared in court by their counsel and witnesses, and the court proceeded to take the testimony and hear all the evidence. After a full hearing upon the merits, the court filed an opinion in which were set out various findings of fact and conclusions of law, and upon this opinion discharged the rule for an interpleader. The H. B. Claflin Company, which was among the claimants, appealed.

*Error assigned* was the order of the court.

*D. B. Kurtz,* with him *Louis T. Kurtz, S. W. Dana* and *S. D. Long,* for appellant.—It is very respectfully submitted that there is nothing whatever in the act of 1897 changing the practice in directing issues, or requiring any new duties of the court in respect to the same. The practice as to granting issues is precisely the same under the act as under the former act, and the rules of court on the subject: Bain v. Funk, 61 Pa. 185; Perlman & Co. v. Sartorius & Co., 162 Pa. 320; Wilmot v. Lyon, 49 Ohio, 296.

*B. A. Winternitz,* with him *John G. McConahy, C. W. Wallace* and *H. K. Gregory,* for appellees.—An application for an issue is addressed to the discretion of the court, and the exercise of that discretion is not reviewable on a writ of error: Holland v. White, 120 Pa. 228; Bain v. Funk, 61 Pa. 185; Keller's Road, 154 Pa. 547; Feltz v. R. R., 160 Pa. 503; Laird's App., 2 Pa. Superior Ct. 300.

The statute of Westminister 2 gives a bill of exceptions only in a trial according to the course of the common law, and there is no other means of putting evidence on the record: Union Canal Co. v. Keizer, 19 Pa. 134.

Even where the evidence upon which the action of the court is founded be incorporated in the opinion of the court below, this Court cannot examine it, as the opinion is no more a part of the record than is the evidence itself: Peet v. Pittsburg, 96 Pa. 221; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

The act of 1897 was before the Superior Court and it was held that the act did not take away the discretionary power of the court to inquire into a claimant's right in a sheriff's interpleader proceeding, and to refuse the issue when such course is required under the circumstances of any given case: Berger v. Juergen, 7 Pa. Superior Ct. 388; Larzelere v. Haubert, 109 Pa. 515.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899:

This is an appeal by the claimant from the discharge of a sheriff's rule for interpleader, and is met by a motion to quash. It is conceded that under the Act of April 10, 1848, P. L. 450,

extended throughout the state by the Act of March 10, 1858, P. L. 91, a claimant was not entitled to an issue, and there was no provision for a writ of error: Bain v. Funk, 61 Pa. 185; White v. Rech, 171 Pa. 83. But it is argued by the appellant that the Act of May 26, 1897, P. L. 95, has changed the law in both respects.

First, as to a writ of error, now miscalled an appeal, there is no provision in the act of 1897 except in the words of the tenth section that "the courts of common pleas may make general rules governing the proceedings under this act . . . . and may grant new trials of such issues, and the judgment recovered shall be subject to appeal to the Supreme or Superior Court as in other cases." But it is plain that this provision does not apply to the action of the court in discharging or making absolute the rule, but only to the trial of the issue. Until after the trial there can be no "judgment recovered" to which the appeal as given can apply. Nor is there any intent to change the law in this respect from what it was before. The act of 1897 is substantially nothing but a consolidation of the previously existing law with the addition of putting into statutory form the principal parts of the practice already established by the decisions and rules of court. So far as our attention has been directed to it we find no material change in the law made by it except one in regard to the sheriff's liability, which will be noticed presently. In regard to the right of review, the Act of April 10, 1849, P. L. 620, sec. 7, gave a bill of exceptions and writ of error upon the trial of the issue, and it is this feature that was intended to be embraced in sec. 10 of the act of 1897. But in Bain v. Funk, 61 Pa. 185, supra, it was held that it followed "necessarily from this provision that a writ of error will not lie to an order of court refusing to direct an issue." We are of opinion that the act of 1897 gives no appeal except as heretofore upon points arising at the trial. So far therefore as the present appeal rests upon any new right given by the act of 1897 it cannot be maintained.

Secondly, in regard to the standing of the appellant. As already said, under the former acts claimant was not entitled to an issue, and was not injured by its refusal. As said in Bain v. Funk, supra, "it did them no possible harm. It did not affect their title to the property nor prejudice their right of action

for its seizure and sale by the sheriff." Independent of statutory provisions, a party whose property is seized upon execution against another has three remedies, trespass against the sheriff, trespass against the plaintiff directing the seizure, and replevin for the goods. Under the act of 1848, if the rule for an interpleader was discharged, the claimant's rights were unaffected, the sheriff remained liable if there was in fact a trespass. But in this respect the act of 1897 made a change. By sec. 15 " if the sheriff shall comply with the provisions of this act he shall be free from all liability to the claimant, the plaintiff and defendant in the execution, the person found in possession of the goods," etc. If this provision be taken literally, the sheriff complying with what he is required to do under the act is relieved from liability, without reference to the action of the court on his rule. This discharge of the rule therefore deprives the claimant of one of his rights, that of action against the sheriff, and he is clearly a party aggrieved by the decision of the court, and as such he must have a standing to question it. His remedy is not so clear.

In general the granting or refusing of an issue is a matter of discretion in the court below with which this Court will not interfere. But there are certain fundamental and well-settled principles upon which such questions should be determined. An interpleader is for the protection of the stakeholder, and the only requisite to entitle him to such protection is that he shall be in danger of attack from two quarters without fault of his own. A sheriff is liable to a suit by plaintiff in an execution if he refuses to levy and it should turn out that the goods were subject to the execution. On the other hand he is exposed to suit by the owner if he does levy on goods not so subject. The interpleader act was intended to protect him in this dilemma, and the court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the bases of bona fide suits. If they may be, the interpleader must be granted, even though the court be of opinion that the claims cannot finally prevail. That matter is to be determined on the trial of the issue, not on the preliminary steps for protection of the sheriff. It is from the trouble, hazard and expense of suit that he is to be protected, not merely from a certain or even proba-

ble verdict against him. Cases, therefore, are rare in which this relief should be refused to a sheriff who is commanded by his writ to levy on goods of the defendant, has certain goods pointed out to him by plaintiff as within his writ, and at the same time is notified by a claimant not to levy. He is in the very danger from which it was intended he should be relieved, and the act should be liberally interpreted to carry out its plain intent by transferring the contest from the sheriff to the rival claimants directly, where the merits of their respective claims can be finally adjudicated.

These principles were well settled under the former statutes, and were practically undisputed. But the learned judge below was of opinion that the act of 1897 had made a substantial difference in the proceeding, and had enlarged the duties of the court in regard to the granting or refusing of the issue. He accordingly entered into an examination of the merits of appellants' claim, and assumed the decision of complicated questions of fact as well as law involving substantial rights of parties, upon the hearing of a mere rule. This was losing sight of the object of the acts, both old and new. We find nothing in the act of 1897 to sustain such action, or to indicate that any change was intended to be made in the extent of the court's province or the method of its exercise. The act as already said was a consolidation and re-enactment of the previous law, and the one change made by it to which our attention has been called was the provision in sec. 15 for the exemption of the sheriff from liability to action on complying with the act. It was said in Bain v. Funk, supra, that the only one who had cause of complaint for the discharge of the rule was the sheriff who was left exposed to the very hazard from which it was the purpose of the act to relieve him, but that the sheriff could not have a writ of error because the rule was within the discretion of the court, and no review was given by the act. But, of course, these expressions were not meant to deny the general right to relief for an abuse of discretion. A review to this extent would always have been open to the sheriff. Under the act of 1897 a claimant is deprived by the discharge of the rule, of a very substantial right, his action against the sheriff, the actual if not the legal trespasser against his property. And as to this right the discharge of the rule is a final judgment against

him.   It is clear that he must have at least a standing to show that it was an abuse of judicial discretion.   His rights may go far beyond this.   We do not now undertake to define their limits, or the methods of their enforcement.   We are relieved from the necessity to do so in the present case by the proceedings of record.   The learned judge filed of record an adjudication of the facts as well as the law in regard to the appellant's claim, involving among other things the good faith of certain representations made by the defendant in the execution, and the fact of reliance upon such representations by the appellant in making the sale of the goods in contest, in other words, the question of actual fraud which is peculiarly for a jury.   The judge did this upon his view already stated that the act of 1897 imposed this duty upon him.   But this was an erroneous view of the law, and as it plainly appears that it was the basis of his decision in discharging the rule, it is clear that such decision was, in the technical sense, an abuse of his legal discretion and must be reversed.

The motion to quash appeal is dismissed; order of the court below reversed, rule for an issue reinstated and made absolute, costs to abide the result of the suit.