# Necker *v.* Sedgwick, Appellant.

*Execution—Sheriff—Interpleader—Act of May 26, 1897, P. L. 95.*

The purpose of the Act of May 26, 1897, P. L. 95, was to compact in one enactment the statutes and principal decisions relating to interpleaders in execution, with the addition of the provision, new to the law, saving the sheriff from actions if he proceeded in accordance with the statute.

In an action against a sheriff for refusal to sell goods levied upon by him, where it appears that the sheriff had not applied for an interpleader, he may show that the goods which he had seized on the execution did not belong to the debtor, but to a stranger, and that the plaintiff had consequently suffered no injury by the refusal of the defendant to proceed to sell.

Argued April 13, 1908. Appeal, No. 197, April T., 1908, by defendant, from judgment of C. P. Erie Co., Feb. T., 1907, No. 35, on verdict for plaintiff in case of J. W. Necker v. P. S. Sedgwick. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass against a sheriff for refusal to sell goods levied upon. Before THOMAS, P. J., specially presiding.

At the trial defendant's counsel offered to show that in the summer of 1905, W. H. Smith issued an execution upon a judgment amounting to $700 or $800, which he had against G. G. Thomas, and that all of the property, of every kind and nature, including the crops upon the farm, in which Mr. Thomas had any interest, or which he owned, were sold at sheriff's sale, and purchased by Mr. Smith the witness. That after the sale Mr. Smith and Mr. Thomas canceled this lease, and entered

into an agreement, by which Mr. Smith employed Mr. Thomas to run the farm for him, Smith, and by the terms of which agreement Mr. Thomas was to receive $40.00 per month, and the use of such products of the farm as he wished to use for living purposes, for his table and household use, etc., and was to turn the balance of the proceeds of the farm over to Mr. Smith. This for the purpose of showing, that at the time of the levy, the following year, under the writ issued by the plaintiff, Mr. Thomas was not the owner of any property on the farm, upon which the defendant, as sheriff, could lawfully make a levy or sale.

Objected to any evidence in this case tending to show that Mr. Smith, the witness on the stand, was the owner of the personal property levied upon, on fi. fa. No. 12, November Term, 1906, for the reason that the Act of assembly of May 26, 1897, P. L. 95, prescribes the proceedings to be taken on part of the sheriff, where goods are levied on as the property of one person and claimed by another. That the sheriff cannot determine the question of ownership for himself, and refuse to proceed in the manner directed by this act. That while evidence of ownership would be competent in a feigned issue, it is not competent evidence in this case.

The objection to the offer is sustained. Exception sealed for the defendant. [1]

Counsel for the defendant offers to show by the witness on the stand and other witnesses, that at the time of the entry of judgment of the Plaintiff v. G. G. Thomas, upon which the writ of execution, referred to in the plaintiff's declaration, was issued, and under which, levy was made by the defendant as sheriff, the defendant, G. G. Thomas, owned no property, real or personal, of any character or description, within the county of Erie. That the grain, crops, and any other property attempted to be levied upon by the sheriff under the said writ of execution, belonged, at the time of the issue of said writ, and at the time of the said attempted levy, to Willis H. Smith and not to G. G. Thomas; that said G. G. Thomas, the defendant in the execution, was working upon said farm, upon a salary paid him by Willis H. Smith; that he was not a tenant of said

farm, and had no interest in the crops, or any other property thereon. That the whole of said crops and other property, together with the said farm, belonged to said Willis H. Smith, and that the possession, such as it was, of said G. G. Thomas was the possession of Willis Smith, said Thomas being his employee as aforesaid. Also, that after the issuance of the said writ, and the making of said levy, said Willis H. Smith duly notified the defendant, sheriff, that said property, and the whole thereof, belonged to him, and not to Thomas, and that said G. G. Thomas had no interest therein, and forbade the sheriff to proceed with said execution, at his peril, and that the said sheriff, after investigation, was convinced that the title and ownership to all of said personal property was in said Willis H. Smith and not in G. G. Thomas, and thereupon proceeded no further with said execution.

This for the purpose of showing that the plaintiff sustained no damage, by reason of the failure of the sheriff to proceed with the said execution, and is therefore not entitled to recover in this case.

Said offer being objected to as follows:

Objected to, for the reason that after the sheriff made his levy upon this writ, it was his duty to proceed in the manner prescribed by the act of assembly of May 26, 1897, and it is not competent for him to prove in this case that the property levied upon belonged to a third person. Upon which the court made the following ruling.

Objection sustained, and exception sealed for the defendant. [2]

Verdict and judgment for plaintiff for $181.65. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*Frank Gunnison*, with him *John S. Rilling* and *Henry E. Fish*, for appellant.

*Albert B. Osborne*, with him *C. L. Baker*, for appellee.

OPINION BY HENDERSON, J., July 15, 1908:

At the trial of this case the defendant offered to show that the property levied on by him was not the property of the defendant in the execution, but of one Willis H. Smith, who was the sole and exclusive owner thereof. This offer was refused by the court and the jury was instructed that the defendant could not deny the ownership of the property in the defendant in the execution. This instruction was based on the interpretation given by the learned trial judge to the act of May 26, 1897, prescribing the procedure where goods or chattels are levied on by the sheriff and claimed by another than the defendant in the execution, which was in substance that the obligation was imperative on the sheriff to proceed for an interpleader as provided for in the statute and that his neglect so to do rendered him liable for the amount of the writ or the value of the property levied on, if that was less than the debt, interest and costs, even if the defendant in the execution had no title whatever to the subject of the levy. This view of the act, we think, warps it from the object of its enactment and imposes a penalty on the sheriff not expressed nor intended. No such consequence was involved in the sheriff's interpleader act of April 10, 1848, as extended throughout the state by the act of March 10, 1858, and unless the act of 1897 contains some provision which shows that the well-established law as to the liability of the sheriff has been changed, there is a lack of support for the conclusion reached at the trial. The interpleader practice in the case of a levy by the sheriff was established for the relief and protection of that officer, as appears from the act itself and from the decisions of the courts bearing on that subject, and not in behalf of contending claimants for the property. The sheriff was to be made secure against the trouble and expense of a suit as well as saved from the probability of a judgment against him. As between the claimant and the plaintiff in the execution he becomes a stakeholder liable to be called upon from different directions while in the honest discharge of his official duty, and is, therefore, entitled to protection. Of the act of 1897, it was said in Book v. Sharpe, 189 Pa. 44, that it is substantially nothing

but a consolidation of the previously existing law with the addition of putting into statutory form the principal parts of the practice already established by the decisions and rules of court. The only material change in the law was said to be the provision of the fifteenth section which exempts the sheriff from liability if he comply with the provisions of the act. The same view was taken in Commonwealth v. Burns, 14 Pa. Superior Ct. 248. This being the case, it follows that the liability of the sheriff in case of his neglect or refusal to proceed under the act of 1897, is for the damage sustained by the party injured thereby. The plaintiff in the writ could only lawfully sell the property of the debtor. He had no claim on the goods of a stranger, and if the debtor had no property there was nothing against which the creditor could proceed and he sustained no loss. It would seem to follow as a consequence of the reasoning of the appellee that if the sheriff had proceeded to sell without an interpleader the claimant could also have maintained an action against the sheriff for the value of the property sold even though he was not the owner of it, the consequence of the sheriff's refusal to take advantage of the statute being to close his mouth against the claim of either the executing creditor or the claimant. We are persuaded that no such result as this was in contemplation when the act was passed, but that the purpose was to compact in one enactment the statutes and principal decisions relating to the subject with the addition of the provision, new to the law, saving the sheriff from actions if he proceed in accordance with the statute. The fair implication from the fifteenth section of the act is that if the sheriff do not proceed under the act he shall remain liable as theretofore to the plaintiff or the claimant. The appellant was, therefore, entitled to show that the goods which he had seized on the execution did not belong to the debtor but to a stranger, and that the plaintiff had consequently suffered no injury by the refusal of the sheriff to proceed to sell.

The judgment is reversed and a venire facias de novo awarded.