# Liquid Carbonic Co. *v.* Shuster Gormley Co., Appellant.

*Execution—Interpleader—Failure to pay appraisement fee—Replevin.*

Where property levied upon by execution process as the property of the defendant in a judgment is claimed by a third party, but the claimant refuses to pay to the sheriff the $4.00 appraisement fee provided by the Act of May 26, 1897, P. L. 95, as amended by the Act of May 8, 1909, P. L. 475, and the sheriff sells the property, the claimant is not barred by his refusal to pay the fee from maintaining an action of replevin against the purchaser of the property in question.

Argued April 18, 1916.    Appeal, No. 82, April T.,

1916, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1914, No. 412, on verdict for plaintiff in case of Liquid Carbonic Company v. Shuster Gormley Company and August Decoster and Oscar Decoster doing business as Decoster Brothers. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for the recovery of a soda fountain. Before DOTY, P. J.

At the trial the jury returned, by instruction of the court, a verdict for plaintiff.

On a rule for judgment for defendant n. o. v. DOTY, P. J., filed the following opinion:

The facts out of which the present contention arises are undisputed and as follows: At a sheriff's sale of certain chattels in the possession of one Mansour, the representatives of the Liquid Carbonic Company gave notice that the goods about to be sold belonged to that company and not to the defendant in the writ; the sheriff demanded the $4.00 appraisement fee provided by law; payment was refused and the sheriff proceeded with the sale and sold the goods to Shuster-Gormley Company, defendant herein. The Liquid Carbonic Company brought replevin to recover the goods from the purchaser at the sheriff's sale. It was conceded at the trial and now that the title to the property thus sold was in the plaintiff herein and not in the defendant in the writ; and prior to the Act of 1897, to be considered later, that a bailer could recover in an action of replevin the property from the sheriff's vendee. He was only estopped from asserting title against the vendee where he had knowledge of the sale and failed to give notice. These principles are not disputed and are declared in Crist v. Kleber, 79 Pa. 290; Greenhoe v. College, 144 Pa. 131, and other cases. The defendant, however, contends that the title was lost by refusal to pay the appraisement fee of $4.00, and that an action of replevin, therefore, will

not lie against the purchaser at the sheriff's sale.    The record, therefore, presents the single question, whether a refusal by a claimant of property levied on in the possession of a defendant, to pay the appraisement fee of four dollars forfeits his title to the property and destroys his right of action?    The court, on the trial of the case, held that claimant had right of action, and, as there was no fact in dispute, instructed the jury to find for the plaintiff.    The defendant's contention is based on Section 7, Act of 1897, P. L. 96, which provides: "If the plaintiff in the execution, or the claimant, fails to pay said sum when required under this act so to do, it shall be treated as an abandonment of the levy or right to have the goods and chattels themselves as the case may be."

Prior to said act as already stated, there could be no question about the right of the owner to bring replevin against the purchaser at sheriff's sale.    An owner of the property seized in execution against another had three remedies: trespass against the sheriff, trespass against the plaintiff directing the seizure, and replevin against the purchaser at the sale.    If a radical change in the law was intended, it should have been clearly set forth in the act.    The real purpose of the act was to relieve the sheriff of all liability.    This is set forth in Section 15 as follows: "If the sheriff shall comply with the provisions of this act, he shall be free from all liability to the claimant, the plaintiff and defendant in the execution, the person found in possession of the goods and chattels levied on or seized, and every other person who had knowledge of such levy or seizure prior to the sale of said goods and chattels, or who shall take any step under the provisions of this act."

The act has been so construed in the appellate courts. In the opinion in Book v. Sharpe, 189 Pa. 44, it is stated: that "the Act of 1897 is substantially nothing but a consolidation of the previously existing law with the addition of putting into statutory form the principal parts of

the practice already established by the decisions and rules of court.   So far as our attention has been directed to it we find no material change in the law made by it except one in regard to the sheriff's liability."   Book v. Sharpe is followed in Necker v. Sedgwick, 36 Pa. Superior Ct. 593, wherein it is demonstrated that the interpleader practice in case of a levy by the sheriff was established for the protection of that officer and not in behalf of contending claimants for the property.   In Morrison v. Nipple, 39 Pa. Superior Ct. 184, a purchaser at sheriff's sale was held liable in an action of trespass by the owner, the court declaring "If the plaintiff lost her right of action against the sheriff because of her failure to comply with the requirements of the Act of May 26, 1897, that was a fact in relief of the sheriff, but does not exempt the defendant from his part in the wrongful sale of the plaintiff's property."   The only case cited in support of defendant's contention is that of Cash Register Co. v. Mace, 20 D. R. 1053.   But if we rightly understand this case it too is against the contention of the defendant and in harmony with the decisions already referred to. Thus we find in the opinion that the Interpleader Act of 1897 substantially differs from the Act of 1848 "in the process as therein provided, and as also excepting the sheriff from liability against a claimant, if he followed the provisions of the act, and also against every other person who had knowledge of the act," and that "it was not the duty of the owner to interplead and his failure to do so did not deprive him of his action of replevin against the purchaser."

We are satisfied that the court was not in error in giving instructions to find for the plaintiff and the pending motions are, therefore, denied.

And now, October 4, 1915, after due consideration, the motion for judgment n. o. v. is overruled and a new trial is refused; and judgment is directed for plaintiff on the verdict upon payment of the jury fee.

78    LIQUID C. CO. *v.* SHUSTER G. CO., Appellant.

Assignment of Error—Opinion of the Court. [64 Pa. Superior Ct.

*Error assigned* was refusal to enter judgment for defendant n. o. v.

*E. P. Doran* and *Carroll Caruthers,* with them *A. B. Shaffer,* for appellant, cited: Morrison v. Nipple, 39 Pa. Superior Ct. 184; Cash Register Co. v. Mace, 20 D. R. 1053.

*S. W. Bierer,* with him *B. H. Pettes* and *J. C. Blackburn,* for appellee, cited: Bain v. Funk, 61 Pa. 185; Necker v. Sedgwick, 36 Pa. Superior Ct. 593.

OPINION BY ORLADY, P. J., July 18, 1916:

As stated by the court below, there is only one matter of fact in dispute between these parties, and that was fully and adequately submitted to the jury. The sheriffs interpleader acts were passed for the relief of that officer and other similar officers: Bain v. Funk, 61 Pa. 185; Necker v. Sedgwick, 36 Pa. Superior Ct. 593, and when the sheriff complies with their requirements he is relieved from liability: Book v. Sharpe, 189 Pa. 44; Morrison v. Nipple, 39 Pa. Superior Ct. 184.

The opinion filed overruling the motion for judgment non obstante veredicto, and for a new trial furnishes a complete answer to the argument of the appellant.

The judgment is affirmed.