## Welsch v. Grossman et al.

*H. Joseph Harrison* and *Daniel B. Nodler*, for plaintiff.

*H. Lester Haws*, for claimant.

DANNEHOWER, J., October 5, 1935.—I. Welsch obtained judgment on May 4, 1934, for $284 against Herman Grossman and Freda Grossman, trading as Lincoln

Beef Company, before a justice of the peace, and on December 4, 1934, the transcript was filed in the prothonotary's office. Execution thereon issued, and the sheriff, on February 18, 1935, levied upon certain personal property (store equipment and household goods) in the possession of the defendants in the execution. Mary Grossman, mother of Herman Grossman, filed a property claim with the sheriff for all of the articles levied upon, and the sheriff obtained this rule to show cause why an interpleader issue should not be framed to determine the ownership of said goods.

At the preliminary hearing on this rule the testimony disclosed that in December 1932 goods of David Grossman, and in January 1933 goods of Herman Grossman and Freda Grossman, were levied upon and sold at constable's sales. The claimant (mother) purchased these goods at the sales through her attorney and immediately filed her name under the Fictitious Names Act of June 28, 1917, P. L. 645, as amended by the Act of June 29, 1923, P. L. 979, as "Mary Grossman, trading as Lincoln Beef Company". She permitted the goods to remain in the possession of the execution debtors, who used some in the household and others in a store which, it is claimed, they were managing for the claimant. Mary Grossman is an elderly woman who lives with a daughter in New York City, although she spends some time with each of her children. She cannot read or write English, and, when shown the signature "Mary Grossman" on the property claim, said her son must have written it for her. A power of attorney alleged to have been executed in favor of the son was not produced. However, we find the claim filed to be a sufficient notification under the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, which reads: ". . . and the sheriff has been notified that said goods and chattels . . . belong to any person or persons other than the defendant or defendants in said execution".

The main question for decision is whether a purchaser

who takes title to personal property at a constable's sale for rent, and leaves it in the possession of the tenant-debtor, takes the risk of the solvency of said debtor when the rights of levying creditors arise. After purchasing the goods, Mary Grossman registered under the Fictitious Name Act, supra, thus indicating her ownership of said store fixtures used in the business. It is our opinion that no presumption of fraud arises because the purchaser failed to take possession of the personal property, as the sales were public constable's sales. The purpose of interpleader proceedings is to protect the sheriff and to determine whether a claim to property levied upon is merely colorable, frivolous or collusive, and not to settle contending titles; this may be done only after an issue is framed: Lamberton National Bank v. Kineston, 114 Pa. Superior Ct. 365. Here there are facts in dispute and there is a question of fraud and good faith as to the arrangement made, and the parties are entitled to an issue to be determined by a jury.

And now, October 5, 1935, for the reasons above stated, the rule, to show cause why an interpleader issue should not be framed to determine the ownership of said goods and chattels claimed, is hereby made absolute, except as to an International truck which claimant admits was erroneously included, and as to that the rule is discharged.

From Aaron S. Swartz, Jr., Norristown.