**MINERS, INC., Appellee,**

v.

**ALPINE EQUIPMENT CORPORATION, William J. Kogelmann and Astro International Corp.**

**Appeal of Astro International Corp.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1998.
Filed Nov. 20, 1998.
Reargument Denied Feb. 1, 1999.

Anthony J. Foschi, Harrisburg, for appellant.

William I. Arbuckle, III, State College, for Miners, Inc., appellee.

Before JOYCE and HESTER, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Appellant Astro International Corporation (Astro) appeals from an order of the Court of Common Pleas of Centre County wherein the court "pierced the corporate veil" to reach Astro's assets. Astro claims that the court did not properly apply the "piercing the corporate veil" analysis. We agree and reverse.

Miners, Inc. (Miners) obtained a default judgment against Alpine Equipment Corporation (Alpine) in Boulder County, Colorado on July 24, 1996 in the amount of $40,617.24. In pursuit of execution, Miners had the judgment transferred to the Court of Common Pleas of Centre County on October 8, 1996. On that same date, Miners filed a writ of execution against Alpine directing the sheriff to levy on property of Alpine and against Mid–State Bank as a garnishee. Alpine maintained payroll and general accounts at Mid–State Bank that contained balances of $429.99 and $271.63 respectively. These accounts were obviously insufficient to satisfy the judgment. The Sheriff of Centre County was then directed to and did levy upon personal property located at 856 Pleasant View Boulevard, Bellefonte, PA 16823. Astro filed a property claim asserting that the personal property at that location was Astro's and not the defendant's.

On November 4, 1996, the Sheriff of Centre County made the initial determination, pursuant to Pa.R.C.P. 3204, that Astro was the *prima facie* owner of the property. On November 14, 1996, Miners filed an Objection to Sheriff's Determination and an Amended Objection to Sheriff's Determination. Miners alleged that it was "entitled to 'pierce the corporate veil' of Astro and reach assets attempted to be shielded from attachment." A hearing was held on Miners' objections on March 26, 1997. On August 5, 1997, the court issued an opinion and order finding that Astro was the "alter ego corporation" of Alpine Equipment and directing the sheriff to proceed with the execution sale of Astro's property in satisfaction of the judgment against Alpine.

Astro raises three issues for our consideration:

1. Whether it was error for the court below, having factually determined that Appellant owned the property it claimed, to expand the scope of the Sheriff's interpleader to permit Appellee to pursue new legal theories of recovery against Appellant?

2. Whether the court below erred in placing the burden of proof upon Appellant with respect to the validity of separate corporations?

3. Whether the record supports the conclusion of the court below that Appellant is the corporate *alter ego* of the execution defendant so that the property of one is the property of the other?

■ Astro first claims that the trial court erred in expanding the scope of the Sheriff's Interpleader proceeding to the point where the court rendered judgment on the merits of the property ownership issue. We disagree.

Historically, the Sheriff's Interpleader proceeding has been limited to a determination of whether the petitioner's property claim was colorable or not frivolous. *Book v. Day*, 189 Pa. 44, 41 A. 998 (1899). That court stated the rule as follows:

A sheriff is liable to a suit by plaintiff in an execution if he refuses to levy, and it should turn out that the goods were subject to the execution. On the other hand, he is exposed to suit by the owner if he does levy on goods not so subject. The interpleader act was intended to protect him in this dilemma, and **the court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the bases of bona fide suits. If they may be, the interpleader must be granted, even though the court be of opinion that the claims cannot finally prevail. That matter is to be determined on the trial of the issue, not on the preliminary steps for protection of the sheriff.** It is from the trouble, hazard, and expense of suit that he is to be protected, not merely from a certain or even probable verdict against him. Cases, therefore, are rare in which this relief

should be refused to a sheriff who is commanded by his writ to levy on goods of the defendant, has certain goods pointed out to him by plaintiff as within his writ, and at the same time is notified by a claimant not to levy. He is in the very danger from which it was intended he should be relieved, and the act should be liberally interpreted to carry out its plain intent by transferring the contest from the sheriff to the rival claimants directly, where the merits of their respective claims can be finally adjudicated.

*Id.* at 47–48, 41 A. at 999 (emphasis added). *See also McKinley v. Mutual Life Ins. Co.*, 278 Pa. 300, 123 A. 304 (1924). Pennsylvania Rule of Civil Procedure 3213, that was amended in 1997, provides:

Rule 3213. Judgment

The judgment in the interpleader proceedings shall

(1) determine the title to the claimed property as among the parties to the interpleader,

(2) provide for the disposition of the proceeds of sale thereof,

(3) fix the amount of

  (i) special damages sustained by the claimant if the claimant has sustained the claim or

  (ii) any liability of the claimant to whom property has been delivered as to which the claimant has not sustained the claim and

(4) include such counsel fees as may be awarded by the court as part of the costs.

Pa.R.C.P. 3213. We believe this rule changed the Sheriff's Interpleader procedure to allow for a complete determination of the ownership of contested property. Specifically, the rule empowers the court to determine title to the property, provide for disposition of the proceeds of a sale, fix damages, and award counsel fees and costs. Furthermore, the appellant has cited and we can find no case under the *Book v. Day*[1] line of authority that has been decided after the amendment to Rule 3213. Accordingly, we find that the Sheriff's Interpleader proceeding

has been expanded to allow for a complete determination of the parties' rights in the subject property. Astro's first issue, therefore, is without merit.

■ Next, Astro questions whether the trial court erred in placing the burden of proof upon Astro with respect to the validity of the separate corporations. Astro's entire second issue is premised upon a statement in the trial court opinion indicating that Astro had not met its burden of proof by clear and convincing evidence. The court's statement, however, is prefaced by an assertion that Astro has the initial burden of proving title to the property in a sheriff's interpleader proceeding, which in fact it does. *Alloway v. Martin*, 434 Pa.Super. 518, 644 A.2d 201 (1994). We do not find that the court improperly placed the burden on Astro with respect to the separate corporations issue. This issue, therefore, is also meritless.

Finally, Astro argues that the record does not support the trial court's conclusion that Astro and Alpine are *alter ego* corporations. Indeed, Astro is correct. The trial court has, for several reasons, misapplied the *alter ego* theory of "piercing the corporate veil." First, the court erred in its application of the *alter ego* theory, and second, the court erred in stating the effect of piercing the corporate veil.

■ There is a strong presumption in Pennsylvania against piercing the corporate veil. *Lumax Industries, Inc. v. Aultman*, 543 Pa. 38, 41–43, 669 A.2d 893, 895 (1995) (citing *Wedner v. Unemployment Bd.*, 449 Pa. 460, 464, 296 A.2d 792, 794 (1972)). When making the determination of whether to pierce the corporate veil, the court "must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual, circumstances call for an exception." *Id.* "Care should be taken on all occasions to avoid making 'the entire theory of corporate entity ... useless.'" *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967) (quoting *Gagnon v. Speback*, 389 Pa. 17, 21, 131 A.2d 619, 621 (1957) and *Price*

---

1. *See Book v. Day, supra* (finding that the court is not to inquire into the merits of the claims beyond determining whether the property claim was not merely colorable, frivolous or collusive).

*Bar Inc., Liquor License Case,* 203 Pa.Super. 481, 484, 201 A.2d 221, 222 (1964)).

 Initially, the trial court erred in its application of the *alter ego* theory of piercing the corporate veil. The *alter ego* theory is applicable only where the individual or corporate owner controls the corporation to be pierced *and the controlling owner is to be held liable. Kaplan v. First Options of Chicago, Inc.,* 19 F.3d 1503 (3d Cir.1994). That is quite distinct from the situation where two or more corporations share common ownership and are, in reality, operating as a corporate combine. This latter theory has been labeled the *enterprise entity* theory or the *single entity* theory. *See e.g., Walkovszky v. Carlton,* 18 N.Y.2d 414, 276 N.Y.S.2d 585, 223 N.E.2d 6 (1966); Krendl & Krendl, *Piercing the Corporate Veil, Focusing the Inquiry,* 55 Den. L.J. 1 (1978). The court seemingly applied the *single entity* theory of piercing the corporate veil. Under that theory, two or more corporations are treated as one because of identity of ownership, unified administrative control, similar or supplementary business functions, involuntary creditors, and insolvency of the corporation against which the claim lies. E. Latty, *Subsidiaries and Affiliated Corporations* §7, at 5–40 (1936). That theory, however, has yet to be adopted in Pennsylvania.

 Here, the trial court apparently found that Alpine was controlled by Kogelman who owned sixty percent of the stock. Kogelman also owns sixty percent of the stock of Astro. The problem, however, is that the remaining forty percent of the respective corporations is not owned by the same individuals or entities. Alpine is owned by Kogelman and Continental Coal Management while Astro is owned by Kogelman and Karl H. Mitterndorfer. The corporations, therefore, do not satisfy the "identity of ownership" necessary to pierce their corporate veils and treat them as a single entity under the *single entity* theory.[2]

 The court further erred in piercing the corporate veil of Alpine under an *alter ego* theory, then holding that Kogelman was not personally liable, but that Astro and Alpine were jointly liable for Alpine's debts. Such would be the effect of piercing their corporate veils under the *single entity* theory if it were available. Piercing Alpine's corporate veil under the *alter ego* theory would render its stockholders, *i.e.* Kogelman and Continental Coal Management, personally liable for Alpine's debts. Miners could then execute on Kogelman's ownership interest in Astro if it chose to do so. However, the court has no jurisdiction to pierce Astro's corporate veil when Astro has not been made a proper party to the action and the plaintiff has asserted no basis for its liability. By doing so, the court has subjected Astro's innocent stockholders, those who do not also own stock in Alpine, to liability for the actions of a corporation they do not own.

Therefore, the trial court erred in piercing Alpine's corporate veil and holding Astro liable for Alpine's debts.

Order reversed.

---

**2.** Furthermore, it does not appear that Miners is    an involuntary creditor.