## Berger & Wirth v. H. W. Juergen & Co. Appeal of James W. Tygard.

*Sheriff's interpleader—Refusal of issue—Right of Appeal—Act of* 1897.

The Act of May 26, 1897, P. L. 95, does not take away the discretionary power of the court to inquire into a claimant's right in a sheriff's interpleader proceedings, and to refuse the issue when such course is required under the circumstances of any given case.

A claimant does not disclose a good prima facie title when, relying upon an alleged bill of sale, on return of a rule to show cause, his affidavit fails to aver when the bill of sale was delivered, whether before or after the issuing of the execution, and whether possession was ever given; under such circumstances it certainly is not error, much less an abuse of discretion, on the part of the court to refuse to tie up an execution and put the parties to the expense of a jury trial.

Whether the act of May 26, 1897, has changed the law so as to give a right of appeal, from an award or refusal of an issue under the sheriff's interpleader act as a matter of right, in the strict sense of the term, appeal, not decided.

Submitted April 13, 1893. Appeal, No. 109, April T., 1898, by James W. Tygard, claimant, from order of C. P. No. 1, Allegheny Co., June T., 1897, No. 4, refusing rule to show cause why issue should not be awarded on sheriff's interpleader. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to award issue in a sheriff's interpleader. Before C. P. No. 1, Allegheny county.

It appears from the record that Tygard claimed ownership of chattels formerly owned by the Daily Financial News Company. A levy was made and sale advertised and a claim was made by him and due process had on an interpleader under the act of May 26, 1897. In answer to a rule to maintain or relinquish

his claim to the goods levied on under the executions, Tygard in his answer averred " that the goods appearing in.the schedule hereto annexed are his under bill of sale and this affiant can verify on the trial of said case."   On hearing the court dismissed the rule and James W. Tygard appealed.

*Error assigned* was to order of the court dismissing the rule to show cause why an issue should not be awarded.

*John F. Cox*, for appellant.—The Act of May 26, 1897, P. L. 95, supersedes all prior. legislation relating to interpleader in cases of execution and the plain duty of the court where a prima facie title is shown by claimant, is to award an issue.

*R. T. M. McCready*, for appellee, submitted no paper-book but filed the following motion to quash and brief thereon :

And now, to wit: April 11, 1898, appellee moves to quash the above entitled appeal for the following reasons :

1. The act of the court below in refusing to award an issue, is discretionary with the court, under the act of May 26, 1897, P. L. 95.

2. It is not alleged in the appeal that the court below abused its discretion.

3. There was no exception taken to the order of the court below discharging the sheriff's rule.

4. The writ, in the nature of a writ of certiorari, does not properly bring up the answers to the sheriff's rule.

5. The record affords no basis on which to review the action of the lower court.

6. The act under which the sheriff's rule was taken was passed for the benefit of the sheriff; and the appellant, who was a claimant in the court below, is not entitled to an appeal from the order of the court discharging the rule.

The sheriff's interpleader Act of May 26, 1897, P. L. 95, does not differ from the sheriff's interpleader Act of April 10, 1848, P. L., 450, except in that it makes the practice more definite and certain.   Neither the act of 1848 nor 1897 makes provision for an appeal whether the court grants or refuses the issue.

Under the act of 1848, the Supreme Court held that neither

the sheriff nor the claimant was entitled to a writ of error, first, because the act made no provision for a writ of error; second, because the writ does not bring up the affidavits, and exhibits only the rule and order of court discharging it; and, in the case of the claimant, for the further reason that the act was passed for the benefit of the sheriff only: Bain v. Funk, 61 Pa. 185.

Where matters are within the discretion of the lower court, the exercise of such discretionary power will not be reviewed unless an abuse of that power is alleged and shown: Felts v. D., L. & W. Railroad, 160 Pa. 503; Petition of Newlin, 123 Pa. 541.

OPINION BY RICE, P. J., May 9, 1898:

It was held that an award or refusal of an issue under the sheriff's interpleader act of 1848 was not a matter of right but of sound discretion under all the circumstances of the case: Bain v. Funk, 61 Pa. 185; Zacharias v. Totten, 90 Pa. 286; White v. Rech, 171 Pa. 82. Whether or not the Act of May 26, 1897, P. L. 95, has changed the law in this regard and gives the claimant a right of appeal (using that term in its strict sense) from the refusal of an issue is a question left open for future consideration. It is not necessary to express a decided opinion upon it in the present case; for it is clear that the legislature did not intend to take away the discretionary power of the court to inquire into the claimant's title and to refuse the issue where none is required under the circumstances of the case. This case furnishes a fair illustration of the consequences that might ensue if it were to be held that a claimant is entitled to an issue as a matter of right, without regard to the circumstances of the case disclosed on the hearing of the application. On the return of the rule to show cause he filed an answer in which he set forth that "the goods appearing in the schedule hereto annexed are his under bill of sale, and this, affiant can verify on the trial of said case." When the bill of sale was delivered, whether before or after the issuing of the execution, and whether possession was ever given, are material facts upon which the affidavit is silent. Therefore it cannot be said that the claimant clearly averred a good prima facie title as against the execution creditor, and in the absence of such averment

it surely was not error, much less an abuse of discretion on the part of the court, to refuse to tie up the execution and put the parties to the expense of a trial of an issue. This is all that need be said in disposing of the present case. It will be time enough to discuss other questions of practice under the act of 1897, when they arise.

Finding no error in the record the order is affirmed and the appeal dismissed at the costs of the appellant.