## Gillespie *v.* Agnew, Appellant.

*Husband and wife—Execution—Interpleader rule—Abuse of discretion.*
    Where goods levied upon as the property of a husband are claimed by
the wife, and on an interpleader rule the wife testifies that she earned
money before her marriage and had borrowed other money after her mar-
riage, on her own credit, and that the goods and chattels levied upon and
claimed by her, were all purchased and paid for by these funds, and this
testimony is undisputed, it is an abuse of the discretion of the court to re-
fuse an issue.

Argued Jan. 15, 1903.   Appeal, No. 68, Jan. T., 1903, by
defendant, from order of C. P. Columbia Co., discharging in-
terpleader rule in case of Rose Gillespie v. L. E. Agnew.   Be-
fore BEAVER, SMITH, W. W. PORTER, W. D. PORTER and
MORRISON, JJ.   Reversed.

Rule for an issue to determine title to goods levied upon as
the property of a husband, but claimed by the wife.
    The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule.

*Fred Ikeler*, of *Ikeler & Ikeler*, with him *William C. Johnston*,
for appellant, cited : Com. v. Burns, 14 Pa. Superior Ct. 248 ;
Book v. Sharpe, 189 Pa. 44.

No appearance nor paper-book for appellee.

OPINION BY MORRISON, J., April 20, 1903 :
    Rose Gillespie obtained a judgment against L. E. Agnew,
in the court of common pleas of Columbia county at No. 10,
May term, 1902, and issued a fi. fa. thereon to the same num-
ber and term.   Upon this writ the sheriff levied upon certain
goods and chattels which were claimed by Henrietta Agnew,
the wife of the defendant in the judgment.
    On August 30, 1902, a rule for an issue was entered for the
purpose of determining the title to the property claimed by the
wife.   On November 24, 1902, the court below disposed of this
rule as follows :

"Rule discharged as to goods claimed by Mrs. Agnew, and the sheriff is directed to proceed with the execution."

The single question presented for decision is, was it an abuse of judicial discretion for the court below to discharge the interpleader rule for an issue as to the appellant's claim. At the hearing by the learned judge on this rule, the only testimony was that of the claimant, Henrietta Agnew. She testified clearly and pointedly to a state of facts which seemed to make a strong prima facie case that the title to the goods claimed by her was in herself and not in her husband, the defendant in the judgment. Her testimony tended strongly to show that she earned money before her marriage and had borrowed other money after her marriage, on her own credit, and that the goods and chattels levied upon by the sheriff and claimed by her, were all purchased and paid for by these funds. A careful examination of her testimony in chief, as well as the searching cross-examination which she was subjected to, does not disclose to us any valid reason why the learned court discharged the rule, using the following language: "As to the property claimed by the wife of the defendant in the execution, we do not think submissible evidence has been produced to sustain her title. Therefore the rule as to that is discharged."

The learned court below has not given us the benefit of the reasons which moved him to disregard the positive and clear testimony of the claimant, and thus in a summary way dispose of her claim. If any sufficient reason appeared before him to justify his disposition of the claim of this woman, we have been unable to discover it.

The execution creditor did not offer any evidence to rebut that of the claimant. Nothing appeared which we can discover, which in any manner tended to overthrow the prima facie case made out by the testimony of Mrs. Agnew. If the rule had been made absolute and the question submitted to a jury upon her testimony as it appears in the record, it is not to be supposed that any jury would have hesitated to find in her favor.

In Commonwealth v. Burns, 14 Pa. Superior Ct. on page 257, we said: "In general the granting or refusing of an issue is a matter of discretion in the court, which is not even reversible in error, unless an abuse of discretion is made to appear. The

court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable, or fraudulent, or collusive, but may be the basis of bona fide suits : Book v. Sharpe, 189 Pa. 44. The 1st section of the act of 1897 manifestly contemplated that the assertion of the attaching creditor, that the property was that of the defendant, and the allegation of the claimant that he owned the goods, should be the subject of a preliminary inquiry by the court; the fact that notice to all parties was required manifestly contemplated that a hearing should be had, and that the right of anyone of the respective parties to an issue was to be passed upon by the court. If the facts are undisputed, and the inferences to be deduced therefrom clear and unconflicting, the question of title becomes one of law and is to be passed upon by the court. If the facts are disputed, the parties are entitled to an issue. If the claimant fails to produce evidence sufficient to warrant the submission of the question of his ownership of the goods to a jury, the issue should be refused and the sheriff directed to proceed upon his writ. If the plaintiff fails to produce any evidence which would be sufficient to warrant the submission to the jury of the question of the ownership of the goods by the defendant, or that they were fraudulently sold or disposed of, then the court is not required to submit to an abuse of its process, nor to impose upon the claimant the burden of a useless litigation, and may refuse an issue and order the sheriff to surrender the custody of the goods. The statute does not take away the discretionary power of the court, and the order complained of did not exceed the powers with which the court was vested : Tygard's Appeal, 7 Pa. Superior Ct. 388."

The doctrine of the above case enables us to dispose of the question now under consideration without further discussion. The claimant made at least a prima facie title to the property claimed by her, and her claim being entirely uncontradicted she was at least entitled to have an issue and the privilege of having a jury determine whether or not the property was hers. While her evidence was undisputed, yet we cannot say as matter of law that there was not something in her manner of testifying, or appearance upon the stand which led the court to disbelieve her testimony. Nor can we say as matter of law that a jury might not disbelieve her testimony. But we are clearly

of the opinion that it was an abuse of judicial discretion for the court below to discharge the rule for an issue and direct the sheriff to proceed to sell her property on the execution against her husband.

The order of the court discharging the rule is now reversed, and the rule reinstated with direction to the court to make the rule absolute and direct the issue for the trial of the title to the goods claimed by Mrs. Agnew.