## Borger v. Jones.

*Husband and wife—Sheriff's interpleader—Proof—Act of May 26, 1897.*

1. Under the Act of May 26, 1897, P. L. 95, and the amendments thereof, the Court of Common Pleas may not inquire into the merits of the respective claims more than to see that they are not colorable, frivolous or collusive, but may be the basis of *bona fide* suits. If they be, the interpleader must be granted, even though upon the merits the court be of the opinion the claim cannot finally prevail.

2. Where goods levied upon as property of the husband are claimed by the wife, and on an interpleader rule the wife testifies that she purchased the goods through money obtained from an inheritance and through allotments made for her support by the Government while her husband was in the army, an issue will be awarded, even though there are circumstances which throw grave doubt upon the good faith of certain transactions.

Sheriff's rule for interpleader. C. P. Lehigh Co., Oct. T., 1921, No. 313.

*Edgar C. Nagle*, for plaintiff; *J. M. Rapoport*, for Mary S. Jones, claimant.

RENO, J., April 3, 1922.—The case comes to us upon the rule granted upon petition of the sheriff, requiring the claimant, Mary S. Jones (the wife of the defendant), and the parties to the judgment to show cause why an issue should not be framed. To that rule the claimant and the execution plaintiff have filed answers, and depositions of witnesses have been taken and filed.

When a wife claims property, acquired during coverture, against her husband's creditors, she is required to substantiate her claim by proof sufficient to repel all adverse presumptions, and this proof must be clear, full and satisfactory. The family relation is such, and the probabilities of ownership on the part of the husband so great, that a plain and satisfactory case should be made out before the wife can be permitted to hold property against creditors of her husband. Therefore, the courts rigorously insist that the evidence of her claim must be so clear, full, satisfactory and unequivocal as to exclude all reasonable suspicion that the property belonged to the husband: Hilton *v.* Liebig Manuf. Co., 59 Pa. Superior Ct. 460; Taylor *v.* Paul, 6 Pa. Superior Ct. 496; Rhinesmith's Case, 25 Pa. Superior Ct. 300; Heiges *v.* Pifer, 224 Pa. 628; Earl *v.* Champion, 65 Pa. 191.

But this rule applies only upon the trial of an issue. The test supplied by these authorities is not to be employed when the court is determining whether an issue in interpleader shall be awarded. At that stage of the proceeding "the court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the basis of *bona fide* suits:" Book *v.* Sharpe, 189 Pa. 44, 47. If they may be, the interpleader must be granted, even though the court be of the opinion that the claims cannot finally prevail: Book *v.* Sharpe, 189 Pa. 44. Only when the facts are undisputed, or if the inferences deducible from the facts are clear, may the court pass upon the merits of the controversy: Tygard's Appeal, 7 Pa. Superior Ct. 388; Com. *v.* Burns, 14 Pa. Superior Ct. 248. If the facts are disputed, the parties are entitled to an issue: Gillespie *v.* Agnew, 22 Pa. Superior Ct. 557.

Testing the testimony by these standards, we feel that we are obliged to award an issue. The claimant testifies that she purchased the goods from Edward L. Brandmeier for the sum of $500. This sum represented, partly, an inheritance from the estate of her mother, and, partly, an accumulation of allotments made for her support by the Government while her husband was in the army. This testimony is uncontradicted, and the doctrine of Gillespie *v.* Agnew, 22 Pa. Superior Ct. 557, requires us, we believe, to regard this as *prima facie* evidence entitling the claimant to an issue. Certainly that testi-

mony might be the basis upon which could be founded a *bona fide* suit within the meaning of Book *v.* Sharpe, 189 Pa. 44. It is true that she had previously lent this sum to her husband, and that he later repaid it to her out of his business, in order that she might be protected in the event of a financial disaster to him. It is also true that Brandmeier had purchased part of the goods from the husband by a bill of sale without taking actual manual possession of the goods. It seems likely, also, that the bill of sale from the defendant to Brandmeier and that from Brandmeier to the claimant were executed on the same day. These circumstances, of course, throw grave doubt upon the good faith of the transaction, and if not satisfactorily explained may, upon the trial of the issue, require us to rule against the claim. But we do not understand that they are, upon this preliminary determination, sufficient to overcome the *prima facie* case established by the payment admittedly made out of the separate funds of the wife, and, therefore, we think that a jury must pass upon the question of title. If we were permitted to pass upon the merits of the case, we should probably arrive at another conclusion, but the authorities heretofore cited distinctly instruct us that we must heed the *prima facie* showing, even though we think the claim cannot finally prevail. Of course, as to that we are expressing no opinion at this time.

Now, April 3, 1922, the rule to show cause why an issue should not be framed to determine the ownership of the goods is made absolute; an issue is hereby granted and framed between the claimant and the plaintiff in the execution, the sole question thereof being the ownership of the goods claimed by the claimant; bond to be filed and further proceedings to be had in the form and manner prescribed by the Act of May 26, 1897, P. L. 95, and the amendments thereof.

From James L. Schaadt, Allentown, Pa.