## American Chemical Laboratories, Appellant, *v.* Wayne Junction Trust Co.

*Interpleader—Sheriff's interpleader—Petition—Notice—Service by mail.*

Where the sheriff has been notified that certain property levied upon by him is claimed by a third party, notice of a petition by the sheriff, for an interpleader must be served upon the plaintiff and defendant in the execution and upon the claimant and person in possession of the goods. If such notice is not given, subsequent proceedings and sale on the interpleader are unauthorized.

An order for the sale of property was improperly made where the only proof of such notice is the deposition of the deputy sheriff that a notice "was sent by mail" and there is an express and uncontradicted denial that notice was received.

Argued October 19, 1922. Appeal, No. 164, Oct. T., 1922, by claimant, from order of C. P. No. 3, Philadelphia County, March T., 1921, No. 6675, discharging rule to show cause why order of sale should not be vacated in the case of American Chemical Laboratories v. Wayne Junction Trust Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Interpleader. Rule to show cause why order of sale should not be vacated.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule to show cause why the order of sale should not be vacated. The claimant appealed.

138 AMERICAN CHEMICAL L.,Appel.,*v.* WAYNE J.TR.CO.

Assignment of Error—Opinion of the Court. [81 Pa. Superior Ct.

*Error assigned* was refusal to make the rule absolute.

*W. Horace Hepburn, Jr.,* for appellant.—There was no sufficient proof of the notice required by statute and without it the sale by the sheriff was unauthorized: Mc-Sparran v. Southern Mutual Insurance Co., 193 Pa. 184; Kenney v. Altavater & Co., 77 Pa. 34.

*Wayne P. Rambo,* and with him *Gordon Butterworth, Bertram P. Rambo, Robert Mair* and *Ormond Rambo,* for appellee.

OPINION BY HENDERSON, J., March 2, 1923:

This is a proceeding under the Sheriff's Interpleader Act of 1897. The Wayne Junction Trust Company having obtained a judgment against H. K. Mulford, issued an execution thereon under the authority of which the sheriff levied on a stock of goods as the property of the defendant in the writ. The American Chemical Laboratories, the appellant here, claimed the property and notice was given to the sheriff accordingly; thereupon the sheriff applied to the court for a rule on the plaintiff, the defendant and the claimant to show cause why an interpleader should not be formed to try the title to the property seized. This rule was issued November 1, 1921, and was made absolute November 9, 1921. On December 10, 1921, a rule was obtained by the execution creditor to show cause why the sheriff should not proceed to sell the property and this rule was made absolute December 20, 1921. The appellant, alleging that no notice was given it of the proceeding for an interpleader, applied to the court for leave to file a bond nunc pro tunc and to vacate the order authorizing the sale of the property. This petition was refused. The record does not show personal service of notice of the rule for an interpleader. The deposition of the deputy sheriff taken on the last rule shows that a notice "was sent by mail." It is not pretended that any other form of notice was issued

or served.  The first section of the Act of May 26, 1897, P. L. 95, directs that notice of the rule for an interpleader shall be given to the plaintiff and defendant in the execution and to the claimant and to the person found in possession of the goods and chattels.  This clearly implies that the claimant should have a right to an inquiry by the court before the property claimed by him should be exposed to sale.  The requirement of notice to the parties contemplates a hearing on the subject presented, and where there is a dispute as to the ownership, the parties are entitled to an issue.  Assuming for the moment that the notice required may be served by mail, it is evident that such record of service could only raise a presumption of service and that would be a presumption of fact not of law and would be open to rebuttal.  It could only arise therefore where the record showed the notice was duly mailed; that is, that it was deposited in the post office properly addressed with postage prepaid.  "It is well settled that the fact of depositing, in the post office, a properly addressed, prepaid letter, raised a natural presumption, founded in common experience, that it has reached its destination by due course of mail.  In other words, it is prima facie evidence that it was received by the person to whom it was addressed; but that prima facie proof may be rebutted by evidence showing that it was not received": Whitmore v. Insurance Co., 148 Pa. 405.  This was said in McSparran v. Insurance Co., 193 Pa. 184, to be the settled rule in this State.  The testimony falls short of this requirement.  It does not show the mailing of a notice to the claimant and the defendant in the execution, prepaid and deposited in the post office or any of its depositories.  Moreover, there is an express and uncontradicted denial that the notice was received and no reason is given why the testimony on that subject should be discredited.  The subsequent motion for leave to the sheriff to sell would have been appropriate under the statute if notice of the pending rule had been served, but in the absence of such no-

tice, the subsequent proceedings were unauthorized. The claimant's opportunity for a day in court to assert its claim had passed, and unless on presentation of the facts it is permitted to do that which it might have done if the direction of the statute had been observed, it may be deprived of its property. The 11th section of the Act of 1897 gives authority to the court to extend the time for filing the bond and granting the application nunc pro tunc is within the power of the court. We are constrained to hold that the order for the sale of the property was inadvertently entered, and that the petition for leave to appear in response to the rule to interplead should have been granted.

The order is therefore reversed and the record remitted to the court below with direction to permit the claimant to appear on the rule to interplead; the subsequent proceedings to be as provided by the statute. Costs to be paid by the appellee.