## Morris Lumber Company, Inc., v. Harrington. No. 1.

*Van Scoten & Little*, for plaintiff; *F. A. & E. L. Davies*, for defendant.

SMITH, P. J., Feb. 1, 1929.—G. M. Darrow, as sheriff of said county, having levied upon a sawmill as the property of George Mansfield and G. E. Morris, defendants, under an execution against them in favor of W. A. Harrington, plaintiff, as of No. 34, January Term, 1929, such levy being made Nov. 21, 1928, the Morris Lumber Company, Inc., gave notice to said sheriff of its claim of ownership and title to said sawmill and that it was not the property of said Mansfield and Morris in said execution. Whereupon the sheriff petitioned the court for a rule upon the claimants to show cause why an issue in interpleader should not be framed to try the title to the mill in controversy, and a rule was granted by us Dec. 22, 1928, returnable the first Monday of January, 1929.

Jan. 2, 1929, exceptions to said rule were filed by the Morris Lumber Company, Inc., claimant, in which was stated under oath their title to said sawmill, and the source of ownership as being a purchase from Frank Major, of Tunkhannock, Pa., and that it was not claimed either directly or indirectly under the execution defendants, and asking that an order be made on the sheriff to withdraw his levy from such mill, release the same from the lien

thereof and surrender its possession to the claimants; and if the execution creditor still claimed his right to maintain such levy, that the court hear the evidence of such contending parties and determine whether the prayer of the petition should be allowed and the exceptions sustained, and the sheriff be so directed.

If authority is needed that the "Interpleader Act" of May 26, 1897, P. L. 95, and amendments thereto, including that of May 23, 1923, P. L. 346, are for the protection of the sheriff only, it is sufficiently afforded by the decision in Summit Hosiery Co. v. Gottschall, 292 Pa. 464, that failure to institute such proceedings will not avail the defendant therein, being the plaintiff in the writ by virtue of which the sheriff seizes and levies upon property, the title to which is in another, termed the claimant, such execution plaintiff being still subject to an action by the claimant to recover damages for "wrongful abuse of civil process and liability therefor." As was said in the case cited (page 467) : "Even where such proceedings [in interpleader] are pending, an action of trespass is allowed so that a claimant may secure redress for injury suffered from the unlawful seizure," the measure of damages being stated in Siegel v. The Netherlands Co., Inc., 59 Pa. Superior Ct. 132, 142.

The learned attorneys for the claimant, petitioner, base their application upon that portion of the 1923 (P. L. 346) amendment to the Interpleader Act, which is as follows: "Said rule for an interpleader shall become absolute at the return-day thereof unless exceptions thereto, sufficient in law, are filed by any of the parties interested, . . . and if the claimant or some one in his behalf, at or before such return-day, presents to said court, or to any judge thereof in chambers, a sworn statement of title in the form required for framing an issue under this act, showing that the claimant has a *prima facie* title to the property claimed, and does not derive the same directly or indirectly by, from, or through any defendant in such execution or process, said rule for an interpleader shall be made absolute . . . upon the filing of such statement of title, without hearing any plaintiff who has not previously filed any exception to said rule. If said rule shall be made absolute, either with or without a hearing," &c., further providing for subsequent action and pleading by the parties.

It is contended that these provisions require the court to grant a hearing and receive evidence of the contending parties on the question of title, and as persuaded thereby either to make rule absolute or to discharge the same, and in the latter case to direct the sheriff to withdraw his levy with the same effect for the sheriff's protection as if the rule had been made absolute and an interpleader granted. This the execution plaintiff denies, and thus it is up for our determination.

The act does provide for filing exceptions to the rule, but does not affirmatively state how and in what manner they are to be disposed of, or the character of the decision or order to be entered, except inferentially from the language of the latter portion of the above quotation from the statute.

Under the statute, the court cannot immediately grant an issue in interpleader on presentation of a petition for that purpose. It provides, first, for a "rule to show cause" why it shall not be allowed upon the claimant and execution creditor. The language quoted is easily understood and means they shall have an opportunity to be heard and to "show cause" or reason for and against its being made absolute. Where and how? Of course, by and before the court at bar by first filing "exceptions *sufficient in law;*" sufficient in law meaning containing a recital of facts which, if sustained by evidence, force a certain legal conclusion by the court.

As in all cases of "rules to show cause," the affidavit, petition or, as here, exception under oath, as an *ex parte* statement, is not evidence, but the basis of taking subsequent testimony, sometimes by deposition and at other times of witnesses testifying in open court.

The affidavit or exception [is] the basis of granting the rule to show cause, and the evidence subsequently taken that of the court's action in either discharging or making rule absolute, which is an exercise of judicial discretion.

If a rule such as that in the case at bar be made absolute, the result is a "feigned issue" framed to try the title to the goods in dispute, and "whether it shall be granted is largely a matter of discretion with the court, and is subject to correction, on appeal, if there be a technical abuse thereof: Paugh *v.* Delaware County Trust, etc., Co., 62 Pa. Superior Ct. 523; Book *v.* Sharpe, 189 Pa. 44. Both these were interpleader cases, and the latter expressly decides the point under the Interpleader Act of May 26, 1897, being the original Interpleader Act, now amended, as above stated. The Supreme Court states the principle that under the Act of 1897, "the court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the bases of *bona fide* suits. If they may be, the interpleader must be granted, even though the court be of opinion that the claims cannot finally prevail. That matter is to be determined on the trial of the issue, not on the preliminary steps for protection of the sheriff." These "preliminary steps" may be related to the exceptions filed, rule to show cause and ruling of the court on the evidence produced. To the same effect is Tygard's Appeal, 7 Pa. Superior Ct. 388.

The right of the excepting claimant at bar to such hearing as asked seems to be clearly supported by the language of Henderson, J., in American Chemical Lab. *v.* Wayne, etc., Co., 81 Pa. Superior Ct. 137, 139, decided under the amending Act of 1923, as follows: "The Act of May 26, 1897, P. L. 95, directs that notice of the rule . . . shall be given to the plaintiff and defendant in the execution and to the claimant and to the person found in possession of the goods and chattels. This clearly implies that the claimant should have a right to an inquiry by the court before the property claimed by him should be exposed to sale. The requirement of notice to the parties contemplates a hearing on the subject. . . ."

And in Gillespie *v.* Agnew, 22 Pa. Superior Ct. 557, it is stated that "if the facts are undisputed, and the inferences to be deduced therefrom clear and unconflicting, the question of title becomes one of law and is to be passed upon by the court. If the facts are disputed, the parties are entitled to an issue." And this we would adopt as the proper legal interpretation of the words "sufficient in law," relating to the quality of the "exceptions" mentioned in the Act of 1923. This statute in its provisions for such "exceptions" and reference to a "hearing" by the court would seem to be but declaratory of the previous practice, explained by the decisions we have above cited and quoted from.

### Decree.

And now, to wit, Feb. 1, 1929, hearing upon the exceptions filed by the claimant, Morris Lumber Company, Inc., is allowed and time fixed therefor before the court on Saturday, Feb. 9, 1929, at 9 o'clock A. M., of which the prothonotary shall give notice to the claimant, plaintiff in the execution, both defendants in the same and to the sheriff, by delivering to each of them or to their attorneys of record a certified copy of this order.

From Gerritt E. Gardner, Montrose, Pa.