## Anderson Computing Scale Company v. Seader et al.

*Robert G. Hendricks,* for plaintiff; *Gilkeson & James,* for claimant.

BOYER, J., December 1, 1930.—This is an interpleader proceeding. Execution was issued against Joseph Seader and Mrs. Lizzie Seader, whereupon the sheriff levied upon property in their possession. Claim was made to the goods and chattels levied on by Joseph O. Seader, Jr., a son of the defendants in the execution. On May 4, 1927, the sheriff presented his petition for rule upon the claimant to show why an issue should not be framed to determine the ownership of the goods. On the same day, the court granted the rule, returnable June 13, 1927. Service of the rule was accepted by the claimant on May 6, 1927. On June 1, 1927, twelve days before the return day, the plaintiff in the execution filed exceptions to the rule for interpleader on the ground that the record does not show a *prima facie* title in the claimant; that it fails to show that the claimant did not derive his title through the defendants in the execution; and that it fails to show that he purchased the goods with his own money. The claimant never filed any answer to the exceptions nor any sworn statement of title in the form required for framing an issue as provided by the Act of May 23, 1923, P. L. 346. On this state of the record the plaintiff in the execution asks that the rule for interpleader be discharged.

The sheriff's petition for the rule does not contain any property claim filed with him by the claimant or any copy of it. Neither does it aver that any written claim sworn to by the claimant was ever filed with him. The only averment in the entire record as to ownership by the claimant is the following statement contained in the sheriff's petition, viz.: "A claim has been made to the said goods and chattels by Joseph O. Seader, Jr., who is not the party against whom said process is issued." Rule 106 of the Rules of Court of Bucks County provides as follows: "When a person other than the defendant claims property levied upon by the sheriff he shall give notice thereof to the

sheriff, supported by affidavit." There is nothing in this record to show that this was done in the instant case. On this meager record, the claimant asks that the rule for an interpleader be made absolute and an issue granted thereon.

The Act of May 23, 1923, P. L. 346, amending section two of the Interpleader Act of 1897, provides as follows: "Said rule for an interpleader shall become absolute at the return day thereof unless exceptions thereto, sufficient in law, are filed by any of the parties interested, and the clerk of said court shall make docket entries, accordingly, where no hearing is required; and if the claimant or someone in his behalf, at or before such return day, presents to said court, or to any judge thereof in chambers, a sworn statement of title in the form required for framing an issue under this act, showing that the claimant has a prima facie title to the property claimed, and does not derive the same directly or indirectly by, from, or through any defendant in such execution or process, said rule for an interpleader shall be made absolute by said court or judge, upon the filing of such statement of title, without hearing any plaintiff who has not previously filed any exception to said rule." While Judge Fuller, in American Appraisal Co. v. Kresge, 4 D. & C. 114, has aptly designated this act as "a masterpiece of legislative ambiguity" and "a statutory puzzle," nevertheless, we may safely draw several conclusions from the act. The first is, that where exceptions are filed to the rule, it cannot be made absolute without a hearing, so that the plaintiff in the execution can always be assured of a hearing on the sheriff's petition by filing exceptions. The second conclusion is, that the claimant, likewise, can prevent the discharge of the rule without hearing by filing a sworn statement of title in the form required for framing an issue under the act. The question before us, however, is, what is the effect of the failure of the claimant to file such sworn statement?

Under the law as it existed prior to the passage of the Act of 1923, a rule for an issue was not made absolute as a matter of course, but the burden was always on the claimant to aver such facts as showed a good *prima facie* title as against the execution creditor before the rule would be made absolute and an issue granted: Tygard's Appeal, 7 Pa. Superior Ct. 388; Gillespie v. Agnew, 22 Pa. Superior Ct. 557. There is nothing in the amending Act of 1923 to indicate that the legislature intended to change the law in this respect, but the apparent purpose of the legislature was to provide proceedings to confirm and carry out the law as theretofore declared by the courts. As to the skill or success with which the legislature has accomplished this purpose, we concur with the reflections of Judge Fuller above referred to.

In the case of American Appraisal Co. v. Kresge, *supra*, the court "tentatively and temporarily" reaches several conclusions with relation to the construction of the act, the second being: "(2) If the claimant fails to file such sworn statement, the rule will be discharged with or without exceptions filed." We agree with this conclusion, at least to this extent, that if the claimant fails to file such sworn statement and the plaintiff has filed exceptions, then the rule will be discharged. It may be possible that if the sheriff's petition contains the claimant's sworn property claim filed with him, and such property claim is practically "in the form required for framing an issue under the act" and no exception is filed thereto, such petition and sworn statement may be sufficient to justify the court in making the rule absolute without filing another similar sworn statement in answer to the rule.

There are no decisions of any appellate court construing the Act of 1923. There are a number of common pleas decisions reported in which the practice

under the Act of 1923 was involved. However, amongst these the above case of American Appraisal Co. *v.* Kresge, 4 D. & C. 114, is the only one that deals with the act exhaustively and gives it a definite construction. In that case the claimant filed no statement. About a month after the return day the plaintiff in the execution filed exceptions. It was held that under the provisions of the act the rule should be discharged, but owing to the practice being new, the return day was extended to permit the claimant to file his statement.

In Farmers Bank *v.* Cobb, 5 D. & C. 402, the plaintiff in the execution filed exceptions to the rule on the return day and demanded a hearing. The claimant on the same day filed a statement of ownership not sworn to, and two days later filed another claim of ownership which was sworn to. The court granted an order fixing a hearing.

In Warfel *v.* McBarron, 9 D. & C. 756, the claimant's statement of title was filed on the return day and the rule made absolute. Eighteen days later exceptions to making the rule absolute were filed, setting up that the claimant did not, at or before the return day, present to the court a sworn statement of title required by the Act of 1923. It was held that the exceptions should have been filed before the rule was made absolute, and they were accordingly dismissed.

In Boggs & Buhl *v.* Kramer, 74 Pitts. L. J. 596, the court held that the rule for an interpleader will be made absolute upon a sworn statement of title even though such statement does not aver that the claimant did not derive title from, or through, any defendant in the execution. The court also held that, although such statement was not as complete as it could be, it was sufficient to justify the making of the rule absolute and the awarding of an issue thereon.

In Allbestos Corp. *v.* Alt, 75 Pitts. L. J. 321, the rule was made absolute even though the statement of title was filed in the prothonotary's office instead of being presented to the court, or any judge thereof in chambers, at or before the return day. The court in that case says: "The rule is to be made absolute if the title is in proper form, contains the averment that title is not derived from defendant, and if it is presented at or before the return day. It is clear that if title has been derived from the defendant, the Court cannot proceed ex parte."

All of these cases seem to be uniform in recognizing the absolute requirement of the Act of 1923 that the claimant file his sworn statement of title on or before the return day of the rule before such rule can be made absolute. We concur in this construction of the Act of 1923. In the case at bar, no such statement was filed nor does any equivalent thereof, such as the property claim filed with the sheriff, appear of record. Exceptions were filed to the rule twelve days before the return day, denying the claimant's title. These exceptions should have served as a notice to the claimant and a challenge to his title, to which he should have replied by filing his statement of title in accordance with the act. This matter was heard on argument and has been pending since June, 1927, with full notice to the claimant as to his failure to file a sworn statement and knowledge of the plaintiff's contention. During all of this time no application has been made for leave to file the statement *nunc pro tunc*, or for an extension of the return day, and at this late day no such application could be considered.

Now, December 1, 1930, the rule for an interpleader and an issue to determine the ownership of the goods levied upon is discharged, and the sheriff is directed to proceed with the execution.

From Isaac J. Vanartsdalen, Doylestown, Pa.