Advance-Rumely Thresher Company, Inc. v. Rohr.
(Walter M. Rohr, Appellant).

Argued November 20, 1934.

Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*John L. DuBois*, for appellant.

*Wm. 'H. Satterthwaite*, of *Bunting and Satter-
thwaite*, for appellee.

OPINION BY STADTFELD, J., February 1, 1935:
This was an action of replevin originally brought
against Samuel B. Rohr to recover possession of a

certain threshing machine and equipment. Subsequently, Walter M. Rohr, son of the original defendant, claiming to be the lawful owner of said machine was, on petition, permitted to intervene as party defendant.

The facts leading up to this litigation are correctly set forth in the opinion of the lower court, by KELLER, P. J., on the first trial of this case, as follows: "On June 3, 1926, plaintiff entered into a written agreement with Walter M. Rohr, the intervening defendant, for the lease of the above mentioned threshing machine, ...... for the term of three months ending September 15, 1926. The consideration therefor being seven hundred dollars ($700), which the said lessee agreed to pay as rent or hire thereof, and for which sum he executed a judgment note to the said lessor. Upon the expiration of the term, the plaintiff caused judgment to be entered upon said note in the prothonotary's office and execution to be issued thereon against the said Walter M. Rohr. When the sheriff levied upon the property, the said machine was claimed by Samuel B. Rohr, defendant above named, as his property and he filed a property claim therefor, whereupon the sheriff appointed appraisers who valued said machine at one hundred dollars ($100). The sheriff allowed the machine to remain in the custody of the said Samuel B. Rohr, and instituted proceedings in interpleader. A rule was granted by the court of common pleas upon the said Samuel B. Rohr, claimant, to show cause why an issue should not be framed so that the ownership of the said machine might be determined, and also directed that notice of said rule be given to the Advance-Rumely Machine Company, execution plaintiff, and to the said Walter M. Rohr, execution defendant. For some unexplained reason, the rule and notices were never served upon the claimant or upon the execution plaintiff and defendant as

directed. No issue was ever framed or bond given and the proceedings apparently were abandoned. Several months thereafter without the execution and interpleader proceedings having been formally withdrawn and discontinued, the plaintiff instituted this action in replevin. The said Walter M. Rohr, intervening defendant, having filed a counter bond in the sum of one thousand dollars ($1,000), the said machine was allowed to remain in his possession. In his affidavit of defense to the plaintiff's declaration in the replevin proceedings, the said Walter M. Rohr avers that immediately after the fieri facias had been instituted against him and the sheriff's interpleader proceedings had been started, he was adjudged a voluntary bankrupt; that the said machine was not listed among his assets inasmuch as at that particular time they were the property of his father, the said Samuel B. Rohr, the claimant in the interpleader proceedings; that in due course he was discharged in bankruptcy; and that almost immediately thereafter he repurchased said machine from his father.

"Upon the trial of the case, counsel for defendants moved to quash the proceedings upon the ground that this machine was the identical machine levied upon pursuant to a writ of fieri facias to No. 1, June T., 1928, as the property of Walter M. Rohr, at the instance of the above named plaintiff, and for the determination of the title to which, the sheriff's interpleader proceedings had been instituted; that said proceedings had not been disposed of but were still pending, and, therefore, it was in custodia legis, and not the subject of a writ of replevin ...... We overruled this motion upon the theory that the execution proceedings having, in fact, been abandoned, the interpleader proceedings based thereon fell with it, and, therefore, the machine in question was no longer in the custody of the law."

The trial resulted in a verdict for the defendant. Upon motion ex parte plaintiff, the court granted a new trial, on account of errors in the admission of evidence and in the charge to the jury.

In the original affidavit of defense in these replevin proceedings the intervening defendant, Walter M. Rohr, who was the defendant in the execution, averred: "5. That under this fieri facias and levy, Samuel B. Rohr, father of the intervening defendant, claimed title by purchase from the intervening defendant and *plaintiff then and there abandoned the execution, or the interpleader arising therefrom.*" (Italics supplied). At the second trial of this case the said intervening defendant, Walter M. Rohr, was by the court allowed to amend said paragraph of his affidavit of defense to read as follows: "5. That under this fieri facias and levy Samuel B. Rohr, father of the intervening defendant, claimed title by purchase from the intervening defendant and *plaintiff never abandoned nor relinquished the lien obtained under the fieri facias and there was no abandonment or relinquishment of the interpleader formally or otherwise, as appears from the records,* and the lien of levy still remains and the interpleader not finally disposed of." (Italics supplied).

At the trial of said case William H. Satterwaite, Jr., of counsel for plaintiff, testified that after Walter M. Rohr was adjudicated a bankrupt, in the United States Court, "I could do nothing further with the proceedings in the State Court, and it was abandoned at that time."

Both plaintiff and defendant produced testimony as to the value of the threshing machine. The court sustained objection to the offer ex parte defendant of the appraisement made in the interpleader proceedings on the execution. The claimant had given claim property

bond in this proceeding and retained possession of the machine.

The trial judge held that the written agreement between the plaintiff and Walter M. Rohr, intervening defendant, constituted a bailment lease, refused binding instructions for defendant, and directed the jury to find for plaintiff, and to ascertain the value of the machine. The jury returned a verdict in favor of plaintiff in the sum of $400.

Motions for new trial and for judgment n. o. v. for defendant were overruled in an opinion by KELLER, P. J., and judgment entered on the verdict, from which defendant appealed.

The main contention of appellant is based upon the refusal of the lower court to sustain the motion to quash the writ of replevin, and in overruling the motions for judgment n. o. v. and for new trial, upon the alleged ground that the goods in question were in "custodia legis" at the time the writ of replevin was issued by reason of levy having previously been made thereon by the sheriff by virtue of the execution hereinbefore referred to. There is no doubt as to the law where the facts apply. In the instant case the court has found that the goods were "not in custodia legis" for the reason that the execution proceedings had been abandoned after the adjudication in bankruptcy of the intervening defendant, Walter M. Rohr. An examination of the record sustains this finding. The original affidavit of defense admitted this fact. The testimony of William H. Satterwaite, Jr., supra, supports this conclusion. Likewise the failure of the sheriff to have served on either party notice of the interpleader rule. In the absence of such notice subsequent proceedings would be unauthorized: American Chemical Laboratories v. Wayne Junction Trust Co., 81 Pa. Superior Ct. 137.

At the second trial of the case, the intervening de-

fendant obtained leave to amend his affidavit of defense in the manner indicated supra. The amendment is inconsistent with the averment in the original affidavit. The comment of the lower court in relation thereto we consider very pertinent: "In Wells v. Kane, (2 Grant 60, p. 63), the court said: 'When a man alleges a fact in a court of justice for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in the administration of justice.' See also Pivirotto's Estate, 251 Pa. 548, 556.''

The title under which appellant now claims is based on an alleged transfer from his father, Samuel B. Rohr, the claimant in the interpleader proceedings, immediately after the discharge in bankruptcy of Walter M. Rohr.

We are in accord with the conclusion of the trial judge that the written agreement between plaintiff and Walter M. Rohr constitutes a bailment lease. Under these circumstances, Walter M. Rohr could not pass title to his father, Samuel B. Rohr, and if the latter acquired no title, nothing passed by the alleged transfer from him back to his son, Walter M. Rohr. The inconsistency in the latter's positions is forcibly stated by the lower court in its opinion as follows: "His contention that the goods were in the custody of the law by reason of the levy on execution and the interpleader proceedings based thereon is clearly inconsistent with his present contention that he is the absolute owner thereof by right of purchase from his father upon his discharge in bankruptcy. If this machine and equipment were in the custody of the law, then his father could not have passed a good title to him after his discharge in bankruptcy, with the result that he would have no standing in the present proceedings.''

Appellant has not pressed in his argument, although

included in his reasons in support of motion for new trial, the refusal of the trial judge to admit in evidence the appraisal made in the interpleader proceedings, relying upon the provision in the Act of May 26, 1897, P. L. 95, Sec. 8, that "The appraised value thus ascertained shall be prima facie evidence of the real value in any proceedings touching the ownership of said goods, etc." The Act is entitled "An Act relating to proceedings where goods or chattels have been levied upon or seized by the sheriff, and claimed to belong to others than the defendant in the execution or process." We believe that Sec. 8, referred to supra, has reference to interpleader proceedings under that act. The appraisement has no probative value in any other proceeding. Furthermore two of the appraisers, John W. Nace and Harry S. Hatterneck, were called and testified on behalf of appellant as to the value of the machine in question, and Nace stated that he had been one of the appraisers. We see no error in that respect in the ruling of the lower court, and under any circumstances appellant was not prejudiced.

An examination of the record results with us in the same reaction which prompted the lower court to state in its opinion: "The intervening defendant's conduct and attitude throughout this entire litigation has been such that we cannot escape the conviction that his whole scheme is a subterfuge to deprive the plaintiff of its property."

The assignments of error are overruled and judgment affirmed.